CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN - 9 2015
JULIA C. DUDLEY, CLERK
BY: 
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **BRADLEY MAXWELL,** | ) | **Civil Action No. 7:14-cv-00591** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **HAROLD CLARKE, et al.,** | ) | **By: Hon. Jackson L. Kiser** |
| **Defendants.** | ) | **Senior United States District Judge** |

Bradley Maxwell, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that his confinement in segregation violates his Fourteenth Amendment right to equal protection. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing the record, I dismiss the action without prejudice for failing to state a claim upon which relief may be granted.

Plaintiff complains that he has been held in segregation at WRSP since June 23, 2013, without receiving the privileges afforded to other inmates in segregation status. To state an equal protection claim, Plaintiff must allege facts demonstrating that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Plaintiff relies on the word "discrimination" to state such a claim, but that reliance is misplaced. A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Accordingly, the complaint must be dismissed because Plaintiff fails to "allege

facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).[1]

ENTER: This 9th day of January, 2015.

_Jackson L. Kiser_
Senior United States District Judge

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

2